# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2647

_____

Christian Kuwebin, Deceased, by   *
and through his mother and   *
next friend Karen Street, and   *
Karen Street, individually,   *
    *
    * Appeal from the United States
       Appellants,   * District Court for the
    * Eastern District of Missouri.
    v.   *
    * [UNPUBLISHED]
City of Wellston, and   *
Robert Powell,   *
    *
       Appellees.   *

_____

Submitted: February 14, 1997

Filed: March 17, 1997

_____

Before BOWMAN and WOLLMAN, Circuit Judges, and KOPF,[1] District Judge.

_____

PER CURIAM.

Plaintiffs appeal the order of the District Court[2] granting defendants' motion for summary judgment in this 42 U.S.C. § 1983 action. Defendants-appellees are the City of Wellston and Mayor Robert Powell. We affirm.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

The case, which arises out of tragic circumstances, is, as succinctly stated by the District Court, as follows:

> On Saturday February 6, 1993 defendant Sterling Woods murdered nine-year-old Christian Kuwebin at the home of his grandmother, Corabelle Street. Corabelle Street received meals delivered to her home through the Meals on Wheels program which was operated by the Mid-East Area Agency on Aging (MEAAA). MEAAA is a not-for-profit corporation operating a senior citizens center located in the Wellston community center. The City of Wellston provides a van and a driver for the meal delivery, and the MEAAA prepares the meals and provides a volunteer to deliver the meals from the van to the recipients' homes. Woods sometimes served as a volunteer delivering the meals to the homes. Before the attack, Woods had done yard work for Corabelle Street and had delivered meals to her home. Woods was not employed by the City of Wellston. He began volunteering at the community center in 1989 after his probation officer told him that he needed to perform community service work or attend school.

> Plaintiffs allege that Woods gained access to Corabelle Street's residence through his participation in the Meals on Wheels program. As a result, plaintiffs argue that the City placed Kuwebin in a position of danger which gave rise to a duty to protect Kuwebin from the harm inflicted by Woods. In response, defendants argue that the City had no affirmative duty to protect Kuwebin from the violence committed by a private actor; therefore, the City is not liable under § 1983 for Woods' actions.

Memorandum Opinion pp. 1-2 (footnotes omitted).

The District Court determined that the evidence pointed to only one conclusion:  that Woods was acting in a purely private capacity when he murdered the child, and thus was not acting under color of state law.[3] The court further determined that plaintiffs'

---

[3]The District Court entered a default judgment against Woods in the amount of $10,000,000. No appeal has been taken from this judgment.

substantive due process failure-to-protect claim under <u>DeShaney v. Winnebago County Dep't of Soc. Servs.</u>, 489 U.S. 189 (1989), must be rejected because, as a matter of law, the murder of the child was too remote a consequence of allowing Woods to participate as a volunteer in the Meals on Wheels program, even assuming for purposes of summary judgment that the City defendants in fact played a role in placing Woods in this community-service activity.  The court noted that Woods had worked as a volunteer at the community center, without incident, for over three years before the murder occurred.  <u>See</u> <u>Martinez v. California</u>, 444 U.S. 277, 285 (1980) (holding that murder committed by parolee five months after his release from prison was too remote a consequence of parole officers' decision to release him to make officers liable).

Seeking reversal, plaintiffs argue that the District Court (1) erred as a matter of law in granting summary judgment for defendants on the basis of temporal remoteness, and (2) abused its discretion in granting summary judgment even though defendants had not responded to plaintiffs' discovery requests.  Having carefully considered the briefs and record, we conclude that summary judgment was correctly entered.  We agree with the District Court that even if defendants played a role in placing Woods in a volunteer position at the community center, Kuwebin's death over three years later was, as a matter of law, too remote a consequence of defendants' conduct to impose liability upon them under the Fourteenth Amendment.  As to the discovery issue, the court did not abuse its discretion in entering summary judgment before discovery had been completed, since the discovery sought by plaintiffs had no relevance to the court's ruling on the issue of remoteness.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT